IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**PHILIP CHRYSANTHUS,**　　　　　　　　CASE NO. 3:25 CV 2347

　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　JUDGE JAMES R. KNEPP II

**MICHAEL SHAFFER,**

　　　　　　　　　　　　　　　　　　　**MEMORANDUM OPINION**
　　Defendant.　　　　　　　　　　　　**ORDER**

### INTRODUCTION

Plaintiff Philip Chrysanthus filed this action *pro se* against his landlord, Michael Shaffer. (Doc. 1). Plaintiff's Complaint is difficult to decipher. He appears to have objections related to office space that he is leasing. He does not assert legal claims and does not indicate the relief he seeks. Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (Doc. 2). That Motion is granted, but upon review, the Court dismisses Plaintiff's action pursuant to 28 U.S.C. § 1915(e). The Court further dismisses Defendant Michael Shaffer's Third-Party Complaint and Counterclaim (Doc. 7) for lack of jurisdiction and therefore denies Defendant's Motion for a Preliminary Injunction (Doc. 8) as moot.

### BACKGROUND

Plaintiff states that in August 2025, Defendant presented a Commercial Lease Agreement indicating his building was for commercial use; Plaintiff signed it. (Doc. 1, at 1). Plaintiff claims it is an office building in which multiple businesses rent space, including a church. *Id.* at 1-2. He

objects to the characterization of the building as commercial when it has offices in it. *Id.* at 1. Plaintiff further asserts he found multiple building code defects and numerous safety problems, but Defendant would not allow Plaintiff to do work on the building. *Id.* at 1-2. Plaintiff told Defendant the heat does not work properly. *Id.* at 1. He states Defendant demonstrated how to use the thermostat and insisted the system was in safe operational condition. *Id.* at 2. He claims an HVAC contractor told him the Heat and Air Conditioning unit was defective. *Id.* Plaintiff alleges it poses a risk of emitting carbon monoxide. *Id.* Plaintiff claims the church operating in the building ignores safety issues, despite these issues posing a risk to children. *Id.* He indicates he is pursuing "Superintendent status in an effort to establish an escrow account with Wood County for the purpose of paying for building occupancy by Philip Chrysanthus enabling him to address safety concerns and building updates as a reasonable option to properly maintain building." *Id.*

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Accepted as true, the factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## DISCUSSION

Federal Civil Rule 8 requires a Plaintiff to submit a short, plain and concise statement of his claims and relief. To meet the minimum notice pleading requirements of Rule 8, the complaint must give the defendant fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's Complaint does not contain any suggestion of the legal claims he intends to assert, or the relief he seeks from the Court. Without this information, Plaintiff fails to meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678.

Moreover, the Complaint appears, even when construed liberally in favor of Plaintiff, to present a landlord tenant dispute. Such disputes are governed solely by state law and this Court lacks subject matter jurisdiction where the parties are not diverse. *See, e.g.*, *Westfield Club v. Dominique*, 2007 WL 2904051, at *4 (W.D. Mich.) ("Landlord-tenant disputes and eviction actions are typically state law claims."). Plaintiff does not invoke this Court's diversity jurisdiction and fails to allege the citizenship of either party.

3

As the Complaint presents no federal claim nor diversity of parties, Plaintiff fails to establish a basis for the exercise of this Court's jurisdiction.

Defendant also filed a Third-Party Complaint and Counterclaim. (Doc. 7, at 3-6). It asserts only supplemental jurisdiction under 28 U.S.C. § 1367 as the basis for federal jurisdiction. Because, as set forth above, the Court finds Plaintiff has not established a basis for federal jurisdiction, the Court also lacks jurisdiction over Defendant's state law counterclaims. *See NOCO Co. v. OJ Com., LLC*, 35 F.4th 475, 480-81 (6th Cir. 2022).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that this action be, and the same hereby is, DISMISSED pursuant to 28 U.S.C. § 1915(e); and it is

FURTHER ORDERED that Plaintiff's additional Motions (Docs. 3, 6) be, and the same hereby are, DENIED as moot; and it is

FURTHER ORDERED that Defendant's Third-Party Complaint and Counterclaim (Doc. 7) be, and the same hereby is DISMISSED; and it is

FURTHER ORDERED that Defendant's Motion for Preliminary Injunction (Doc. 8) be, and the same hereby is DENIED as moot; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: December 29, 2025